UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE ARTINO, | Case No. 1:22-cv-01588-JLT-HBK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | FOURTEEN-DAY RESPONSE PERIOD |
| HOME DEPOT USA, INC., KING OF CENTRAL VALLEY II, L.P., THE VIGORO CORPORATION, and DOES 1-50, | |
| Defendants. | |

On December 12, 2022, Defendant Home Depot USA, Inc. removed this action from Stanislaus County Superior Court pursuant to 28 U.S.C. § 1332.  (Doc. No. 1).  The Court scheduled this matter for an initial scheduling conference for March 23, 2023.  (Doc. No. 3).  At the start of the scheduling conference, the Court *sua sponte* inquired as to the status of co-defendant King of Central Valley II, L.P. who is identified in the state complaint as a "California Limited Partnership," (Doc. No. 1 at 5; Doc. No. 7).  Plaintiff advised that King of Central Valley II, L.P. was properly served in the underlying state action and remained a party.  Notably, Plaintiff has not filed a motion to remand in response to the Notice of Removal.  (*See* docket).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution.  *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994).  The Court can sua sponte raise jurisdiction.  Fed. R. Civ. P. 12(h)(3).

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. *Id*. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

## FACTUAL BACKGROUND AND ANALYSIS

Plaintiff filed this case in Stanislaus County Superior Court against three named corporate entities and Does 1-50.  (Doc. No. 1 at 5).  Defendant filed a Notice of Removal ("Notice") based on diversity of citizenship, which requires a minimum amount in controversy of $75,000 and complete diversity between plaintiff and all defendants.  (Doc. No. 1 at 1-3); 28 U.S.C. § 1332(a); *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.") (Emphasis in original).

Defendant states that Plaintiff is a citizen of the State of California and that Home Depot is a corporation headquartered in the State of Georgia, therefore "[d]iversity jurisdiction applies." (Doc. No. 1 at 2).  Defendant Home Depot does not address the citizenship of its co-defendants. The caption of the Notice identifies the co-defendants as "KING OF CENTRAL VALLEY II, L.P., a California Limited Partnership" and "VIGORO CORPORATION, a Delaware Corporation."  (*Id*. at 1).  There is no dispute that the amount in controversy is above required $75,000 necessary to establish diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. No. 1 at 3, 11).

King of Central Valley II, L.P. is identified as a Limited Partnership in the state complaint.  (Doc. No. 1 at 5).  "[B]ecause a partnership is a citizen of all of the states of which its partners are citizens" the decision whether to remand to state court for lack of diversity jurisdiction turns on the citizenship of its constituent corporations.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Federal Rule of Evidence 201

permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court may take judicial notice on its own or at the request of any party.  *Id.* 201(c).

The incorporation documents on the Secretary of State's website indicates King of Central Valley II, LP has a single partner, Scarborough Management Corporation, which is headquartered in San Ramon, CA.  Because this information "can be accurately and readily determined" from a source whose accuracy cannot reasonably be questioned, the Court takes judicial notice of the fact that the only partner of King of Central Valley II, LP is a citizen of the State of California, thereby making King of Central Valley II, LP a California citizen.

"[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999); *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).  Because the corporate documents appear to confirm the absence of complete diversity among Plaintiff and all Defendants, the Court orders Defendant Home Depot to show cause why the Court should not remand the matter to Stanislaus County Superior Court.

Accordingly, it is hereby **ORDERED**:

Within **fourteen (14) days** from receipt of this Order Defendant Home Depot shall show cause why the Court should not remand the case to state court for lack of subject matter jurisdiction.

Dated:  March 24, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3